IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW W. BARNETT                                            PLAINTIFF

v.                       Civil No.: 09-cv-2158

RACHEL J. SIMS, District Court
Clerk of Sebastian County;
SHERIFF FRANK ATKINSON, Sebastian
County, Arkansas; and LIEUTENANT
GAYLA JACKSON, Sebastian County
Detention Center                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, who is currently incarcerated in the Randall L. Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint. (Doc. 1) Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) Plaintiff be allowed to proceed with his access to the court claim against Defendant Atkinson and (2) all other claims and Defendants be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law ." *Stalley v. Catholic Health Initiatives,* 509 F.3d 517, 521 (8th Cir.2007). Importantly, the complaint must

"assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v.. Gibson,* 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Plaintiff contends that Defendants Sims, Atkinson, and Jackson stole, and conspired to steal $372.00 from him. Plaintiff states that when he was booked into the Sebastian County Detention center on April 1, 2009, he had $413.00 in case as property taken by the jailer and surrendered at booking. Plaintiff further alleges that $372.00 of this money was taken from his account with the sheriff's office to pay restitution and/or fines he owed to Sebastian County. Plaintiff states the theft was the result of a "conspiracy" between Sims, Atkinson, and Jackson, without any basis in a Court Order to take this money. Further, Plaintiff alleges his state court criminal appeal has been harmed by the loss of money.

However, it is well settled that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property so long as the State provides some form of post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533-6 (1984); *Bausley v. Dugan,* Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county employees for the loss of personal property because, under Arkansas law, he could bring a conversion action in state court). Thus, the Court concludes that Plaintiff's property claim should be dismissed with prejudice. Because this is the only claim Plaintiff has raised against Defendants Sims and Jackson, those Defendants should be dismissed

as well.

Furthermore, Plaintiff has alleged he was denied access to the Courts because he was denied access to the law library in preparation of this case, in which he was proceeding *pro se*. It is the recommendation of the undersigned that this claim be allowed to go forward.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2010.

                                                   /s/ J. Marschewski
                                                   HON. JAMES MARSCHEWSKI
                                                   UNITED STATES MAGISTRATE JUDGE