IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| **MATTHEW W. BARNETT** | | **PLAINTIFF** |
| v. | Civil No.: 09-cv-2158 | |
| **RACHEL J. SIMS**, District Court Clerk of Sebastian County; **SHERIFF FRANK ATKINSON**, Sebastian County, Arkansas; and **LIEUTENANT GAYLA JACKSON**, Sebastian County Detention Center | | **DEFENDANTS** |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is Plaintiff's Complaint. ECF No. 1. Plaintiff's Complaint was filed via a handwritten Complaint and was styled as a "Complaint pursuant to 42 USC §§1983 and 42 USC §§1985 [sic]" *Id*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Robert T. Dawson. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 1, be **DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of the Court.

**I.   BACKGROUND**

Defendants filed a Motion for Summary Judgment on September 13, 2010. ECF No. 23. On September 14, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment. ECF No. 26. Plaintiff was advised in this Order that failure to return the Notice by October 12, 2010 would cause this case to be "subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action." *Id.*

## II.    APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.    DISCUSSION

Plaintiff was given until October 12, 2010 to return his Notice to the Court. *Id.* Plaintiff did not seek additional time beyond the October 12, 2010 deadline. Moreover, the Court previously changed Plaintiff's address upon Plaintiff's notification via telephone. *See* docket remark dated March 3, 2010. Clearly Plaintiff is aware of his need to keep a current address with the Court, as is required by Local Rule 5.5 of the Eastern and Western Districts of Arkansas. Moreover, no mail, including the Notice, has been returned to the Court, and it appears Plaintiff received this document.

Plaintiff was specifically cautioned in the Order directing him to complete the Notice that failure to return a completed Notice would result in a summary dismissal of his case for failure to prosecute and for failure to obey an order of the court. ECF No. 26. Accordingly, this case should be dismissed for failure to prosecute and for failure to follow a court order.

## IV.     CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of October 2010.

/s/ *J.  Marschewski*
HON.   JAMES MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE